IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN F. | : |
| | : |
| v. | : NO. 22-CV-1996 |
| | : |
| MARTIN O'MALLEY, | : |
| Commissioner of Social Security | : |

**SUPPLEMENTAL OPINION**

SCOTT W. REID                                                             DATE:  January 6, 2025
UNITED STATES MAGISTRATE JUDGE

This opinion is supplemental to the original opinion in this matter, issued by the undersigned on November 6, 2024.  There, I denied the Request for Review filed by Glenn F. under 42 U.S.C. §405(g).  ECF No. 20.  Glenn F. has filed a motion under Fed. R. Civ. Pr. 59(e), seeking to alter or amend judgment.  For the reasons set forth below, his motion will be denied.

I.     *Factual and Procedural Background*

The complete factual and procedural history of Glenn F.'s Request for Review is set out in the November 6, 2024, decision.  It is sufficient for the purposes of this motion to repeat that Glenn F. seeks Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") from June 4, 2016, on the basis of physical complaints, as well as posttraumatic stress disorder ("PTSD"), depression and anxiety, which he attributed to the trauma of escaping from a workplace fire.  Record at 216, 278.

At the agency level, an Administrative Law Judge ("ALJ") conducted a *de novo* hearing on August 9, 2018.  Record at 46.  In a written decision issued on November 30, 2018, the ALJ denied benefits, finding that Glenn F. was not disabled.  Record at 19.  He based his decision on the following RFC assessment:

> After careful consideration of the entire record, I find that the clamant has the residual functional capacity to perform light work ... except he can frequently handle and finger with both upper extremities, can frequently push and pull and reach overhead with the left upper extremity and can occasionally push and pull and reach overhead with the right upper extremity. The claimant can frequently push or pull or operate foot controls with the left lower extremity. The clamant can frequently balance and stoop, can occasionally kneel, crouch, and crawl, can occasionally climb stairs and ramps, can occasionally climb ladders, ropes and scaffolds and can occasionally be exposed to vibrations, unprotected heights and moving mechanical parts. The claimant is able to understand and remember simple instructions, make simple work-related decisions, carry out simple instructions, and can occasionally deal with changes in a routine work setting.

Record at 24.

In relevant part, Glenn F. argued in his Request for Review that the ALJ erred in that he wrote that the findings of consulting mental health expert Stephanie Adam, Ph.D., were "convincing and persuasive," but then failed to impose restrictions in his RFC assessment corresponding to the limitations she imposed. ECF No. 20 at 4. In my November 6, 2024, decision, I agreed that there was ambiguity in the ALJ's decision, but found that remand was not warranted. Glenn F. now asks that this Court alter or amend judgment because of a failure to address part of this claim.

II.     *Discussion*

Dr. Adam, a psychologist, diagnosed Glenn F. with PTSD, depression, and mild cannabis abuse. Record at 364. She wrote that his PTSD and depression caused moderate limitations in interacting with the public, supervisors, and coworkers, and a marked limitation in responding appropriately to work situations and changes in routine. Record at 367.

In the November 6, 2024, decision, I agreed with Glenn F. that he had identified a meaningful inconsistency in the ALJ's decision as it pertained to his ability to "interact with others." ECF No. 20 at 6, citing the Record at 31 (ALJ Decision of November 30, 2018). The ALJ not only commented positively on Dr. Adam's findings, but also explicitly found that

Glenn F. had moderate limitations in that area. *Id*. citing Record at 23. Nevertheless, he "did not include any restrictions in his RFC assessment consistent with the moderate limitations [Dr. Adam] found him to have in interacting with others." *Id*.

I did not, however, remand the matter to the agency to clarify the ambiguity. Remand is only necessary where it would result in a different outcome. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). I concluded that the ALJ pointed to sufficient evidence from the record to support a conclusion that Glenn F.'s limitations in this regard were not work preclusive. ECF No. 20 at 6.

Glenn F. now points out that I discussed his limitations in interacting with others in the November 6, 2024, decision, but I did not discuss the marked limitation Dr. Adam found him to have in "responding appropriately to work situations and changes in routine." He argues that this limitation, "had it properly been included" in the RFC and hypothetical question posed to the vocational expert who appeared at the hearing, would have resulted in a finding of disability. *Plaintiff's Brief in Support of Rule 59(e) Motion to Alter or Amend Judgment* at 2.

I did not address this aspect of Dr. Adam's opinion in the November 6, 2024, decision because – unlike with Glenn F.'s ability to interact with others – the ALJ actually included a restriction in his RFC assessment to address his limitation in responding to work situations and changes in routine: he limited Glenn F. to (a) only occasional changes in (b) a routine work setting. Record at 24. Further – also unlike the limitation in the ability to interact with others – the ALJ explicitly disagreed with Dr. Adam's finding that Glenn F. had a "marked" limitation. He found Glenn F. to have only a moderate limitation in "adapting and managing himself," which included difficulties in "handling change." Record at 24.

3

Moreover, the ALJ's decision that Glenn F.'s limitation was "moderate" rather than "marked" was reasonably well supported by substantial evidence. The ALJ observed that Glenn F. was able to care for a pet, and was generally seen by his medical providers as having a normal mood and affect. *Id.*[1] Although these factors may seem a bit loosely connected to the ability to handle work situations and changes in routine, Glenn F. has not pointed to any more specific evidence, even in his reply memorandum in this 59(e) motion. None is apparent upon review of the record. For example, Dr. Adam's report does not tell of any instance of him reacting badly to everyday work situations or change. Record at 359-368. Nor do Glenn F.'s treatment notes. Issues with anger management are noted, but they appear to have emerged long before the relevant period and not to have precluded employment. Record at 1199, 1200.

Thus, the ALJ was inconsistent in writing that Dr. Adam's limitations were "convincing and persuasive," while at the same time rejecting her opinion that Glenn F. had a marked limitation in the ability to appropriately handle work situations, and with change. However, he adequately explained his own finding of a moderate limitation, and provided a restriction in his RFC assessment to accommodate that limitation. He included this restriction in the hypothetical questions he posed to the vocational expert. Record at 71-73. Accordingly, it is even clearer here than it was in the November 6, 2024, decision that remand to clarify the ALJ's treatment of Dr. Andrew's findings would not lead to a different outcome. For that reason, remand is still unnecessary. *Rutherford v. Barnhart*, *supra*.

---

[1] As detailed in the November 6, 2024, decision, the record reflects that Glenn F. socialized daily with friends, had positive relationships with family members, and was calm, cooperative, and pleasant in his interactions with medical providers. ECF No. 20 at 6-7, *citing* Record at 362, 483, 486, 489, 491, 494 and 1201.

III.     *Conclusion*

In accordance with the above discussion, I conclude that Glenn F.'s Rule 59(e) Motion to Alter or Amend Judgment should be DENIED.

BY THE COURT:

*Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE